United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 23, 2022

Nathan Ochsner, Clerk

## .IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 20-31585** |
| **PEARL RESOURCES LLC** | § | |
| **and** | § | **CHAPTER 11** |
| **PEARL RESOURCES OPERATING CO.** | § | |
| **LLC,** | § | |
| | § | |
| Debtors. | § | |
| | § | |
| **TEXAS GENERAL LAND OFFICE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 20-3169** |
| | § | |
| **PEARL RESOURCES LLC** | § | |
| **and** | § | |
| **PEARL RESOURCES OPERATING CO.** | § | |
| **LLC,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Among the questions presented to the Court is whether a party is permitted to advance counterclaims in reply to the opposing party's counterclaims. This question has caused deep divide among courts across the country and there is no definitive answer within the Fifth Circuit. Additionally, this Court must decide whether a creditor is required to file a proof of claim after the debtor listed its claim as "unknown" in its Schedule E/F but did not list the claim as either disputed, unliquidated or contingent.

The Texas General Land Office initiated this dispute by seeking dismissal of Pearl Resources LLC and Pearl Resources Operating Co. LLC's counterclaim for breach of contract pursuant to Rule 12(b)(6). In addition to its 12(b)(6) motion, the Texas General Land Office also

asserted counterclaims in reply for breach of contract and trespass to try title.  Additionally, as part

of its counterclaim in reply for breach of contract, the Texas General Land Office sought attorney's

fees pursuant to the Texas Civil Practice & Remedies Code §§ 37.004 and 38.001.

Pearl Resources LLC and Pearl Resources Operating Co. LLC responded by seeking dis-

missal of the Texas General Land Office's counterclaim in reply for breach of contract pursuant

to Rules 12(b)(1) and 12(b)(6).  Pursuant to Rule 12(f), Pearl Resources LLC and Pearl Resources

Operating Co. LLC also filed a motion to strike the Texas General Land Office's counterclaims in

reply for breach of contract and trespass to try title.

On June 28, 2022, the Court held a hearing.  After considering the pleadings on file, argu-

ments of counsel, and applicable law, Pearl Resources LLC and Pearl Resources Operating Co.

LLC's motion to strike pursuant to Rule 12(f) is denied.  Pearl Resources LLC and Pearl Resources

Operating Co. LLC's motion to dismiss pursuant to Rule 12(b)(1) is granted and the Texas General

Land Office's counterclaim in reply for breach of contract is dismissed.  The Texas General Land

Office's request for leave to amend[1] its answer and counterclaims in reply[2] will be set for further

hearing.  Pearl Resources LLC and Pearl Resources Operating Co. LLC's motion to dismiss the

request for attorney's fees accompanying the Texas General Land Office's counterclaim in reply

for quiet title pursuant to 12(b)(6) is denied as moot.  Pearl Resources LLC and Pearl Resources

Operating Co. LLC's alternative argument for dismissal of the Texas Land Office's counterclaim

in reply for breach of contract pursuant to 12(b)(6) is granted.  Pearl Resources LLC and Pearl

Resources Operating Co. LLC's alternative argument for dismissal pursuant to 12(b)(6) of the

Texas General Land Office's claim for attorney's fees in connection with its counterclaim in reply

for breach of contract pursuant to Tex. Civ. Prac. & Rem. Code § 37.004 is granted.  Pearl

---

[1] ECF No. 94 at 7, ¶ 14.
[2] ECF No. 75.

Resources LLC and Pearl Resources Operating Co. LLC's alternative argument for dismissal pursuant to 12(b)(6) of the Texas General Land Office's claim for attorney's fees pursuant to the Tex. Civ. Prac. & Rem. Code § 38.001 is denied.  Nevertheless, since the Court has already dismissed the Texas General Land Office's counterclaim in reply for breach of contract, the Texas General Land Office's request for its accompanying attorney's fees under Tex. Civ. Prac. & Rem. Code § 38.001 related to that claim is also dismissed.  The Texas General Land Office's motion to dismiss pursuant to 12(b)(6) of Pearl Resources LLC and Pearl Resources Operating Co. LLC's counterclaim for breach of contract is denied.

## I.   BACKGROUND

1.  On March 3, 2020, Pearl Resources LLC and Pearl Resources Operating Co. ("*Pearl*") filed for relief under chapter 11 of the United States Bankruptcy Code.[3]

2.  On March 5, 2020, the Clerk of Court issued the Notice of chapter 11 Bankruptcy Case ("*Notice*").[4]

3.  The Notice set the deadline for governmental units to file proofs of claim as September 1, 2020.[5]

4.  On March 10, 2020, the Court issued an order jointly administering Pearl's two chapter 11 cases.[6]

5.  On March 11, 2020, the Texas General Land Office ("*GLO*") appeared in the main bankruptcy case.[7]

6.  On March 27, 2020, Pearl filed its Schedule E/F, which scheduled the GLO as having an unsecured claim of "unknown" value.[8]

7.  On May 28, 2020, the GLO filed its complaint for declaratory judgment against Pearl ("*Complaint*"),[9] asserting one claim, to wit: (1) Count I – Declaratory Judgment.

8.  On June 29, 2020, Pearl filed "Defendant, Pearl Resources LLC's Original Answer,

---

[3] Citations to Debtors' Bankruptcy case, 20-31585, shall take the form "Bankr. ECF No. —."  Bankr. ECF No. 1.
[4] Bankr. ECF No. 5; Bankr.; 20-31586, ECF No. 4.
[5] *Id.*
[6] Bankr. ECF No. 27
[7] Bankr. ECF No. 25.
[8] Bankr. ECF No. 56 at 3, ¶ 3.11.
[9] ECF No. 1.

Affirmative Defenses and Counterclaim,"[10] In which Pearl asserted two counterclaims, to wit: (1) Quiet Title – Suit to Remove Cloud on Title; and (2) Trespass to Try Title.

9. On August 21, 2020, Pearl filed its Modified Plan of Reorganization for Small Business Under Subchapter V of Chapter 11 ("*Modified Plan*").[11]  The Modified Plan provided that Class 12 was classified and treated as follows:

> All potential claims against the Debtors that were not filed in either bankruptcy estate on or before the bar date of May 1, 2021 that have not been separately classified. . . . Parties within Class 12 shall not receive any recovery under the Plan. Class 12 is impaired. [12]

10. On August 26, 2020, the Court issued its comprehensive pre-trial scheduling order.[13]

11. On September 29, 2020, Pearl filed "Defendants, Pearl Resources LLC's and Pearl Resources Operating Co. LLC's First Amended Answer, Affirmative Defenses and Counterclaim,"[14] but did not amend its counterclaims.

12. On September 30, 2020, the Court confirmed the Modified Plan.[15]

13. On October 29, 2021, Pearl filed "Pearl Resources LLC's and Pearl Resources Operating Co.'s, Second Amended Answer, Affirmative Defenses and Counterclaims"[16] ("*Pearl's Second Amended Answer and Counterclaims*"), and amended its counterclaims as follows: (1) Counterclaim I - Quiet Title – Suit to Remove Cloud on Title; (2) Counterclaim II - Trespass to Try Title; (3) Counterclaim III – Breach of Contract.

14. On January 7, 2022, the GLO filed "The Texas General Land Office's Motion To Dismiss, Answer To Pearl Resources LLC's and Pearl Resources Operating Co.'s Second Amended Answer ("*GLO's Answer*"), Affirmative Defenses, and Counterclaims ("*GLO's Counterclaims in Reply*") and The Texas General Land Office's Affirmative Defense, and Counterclaims Against Pearl Resources LLC and Pearl Resources Operating Co"[17] ("*GLO's Motion To Dismiss*") in which the GLO added the following counterclaims: (1)  Counterclaim I: Breach of Contract; (2) Counterclaim II: Trespass To Try Title; and (3)  awarding attorney fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 37.004 and 38.001.

15. On February 7, 2022, the Court abated its comprehensive pre-trial scheduling order and permitted the parties to mediate their dispute.[18]

---

[10] ECF No. 5.
[11] Bankr. ECF No. 226.
[12] *Id.* at 29, Article 4.01, Class 12.
[13] ECF No. 16.
[14] ECF No. 20.
[15] Bankr. ECF No. 239.
[16] ECF No. 67.
[17] ECF No. 75.
[18] ECF No. 82.

16. On April 4, 2022, the Court held a status conference and the parties announced that mediation was unsuccessful.[19]  On the same date, the Court issued an amended comprehensive pre-trial scheduling order.[20]

17. On April 25, 2022, Pearl filed "Pearl Resources LLC and Pearl Resources Operating Co. Motion To Dismiss"[21] ("*Pearl's Motion to Dismiss*").

18. On April 25, 2022, Pearl filed "Pearl Resources LLC and Pearl Resources Operating Co. Motion To Strike"[22] ("*Pearl's Motion to Strike*").  On the same date, Pearl filed its "Response To The Texas General Land Office's Motion To Dismiss"[23] ("*Pearl's Response*").

19. On May 2, 2022, the GLO filed "The Texas General Land Office's Reply To Pearl Resources LLC and Pearl Resources Operating Co. Response To The Texas General Land Office's Motion To Dismiss"[24] ("*GLO's Reply*").

20. On May 16, 2022, the GLO filed "The Texas General Land Office's Objection To Pearl Resources, LLC's and Pearl Resources Operating Co., LLC's Motion To Strike"[25] ("*GLO's Response to Motion to Strike*").  The GLO also filed "The Texas General Land Office's Objection To Pearl Resources, LLC's and Pearl Resources Operating Co., LLC's Motion To Dismiss"[26] ("*GLO's Response to Motion to Dismiss*").

## II.    JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under Title 11 or arising in or related to cases under Title 11."  An adversary proceeding falls within the Court's "related to" jurisdiction if the "outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[27]  Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over

---

[19] Min. Entry April 4, 2022.
[20] ECF No. 86.
[21] ECF No. 88.
[22] ECF No. 90.
[23] ECF No. 91.
[24] ECF No. 92.
[25] ECF No. 93.
[26] ECF No. 94.
[27] *In re Trevino*, 535 B.R. 110, 125 (Bankr. S.D. Tex. 2015) (quoting *Wood v. Wood* (*In re Wood*), 825 F.2d 90, 93 (5th Cir. 1987).

the matter.[28]  This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (C) this adversary proceeding involves primarily core matters as it concerns administration of the estate, allowance or disallowance of claims against the estate and counterclaims by the estate."[29]

Furthermore, this Court may only hear a case in which venue is proper.[30]  Pursuant to § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."[31]  Debtors' main chapter 11 case is presently pending in this Court and therefore, venue of this adversary proceeding is proper.

This Court must evaluate whether it has constitutional authority to enter a final judgment in this case.  In *Stern,* which involved a core proceeding brought by the debtor under 28 U.S.C. § 157(b)(2)(C), the Supreme Court held that a bankruptcy court "lacked the constitutional author-ity to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim."[32]  However, *Stern* is inapplicable to the instant case.  *Stern* concerned final orders entered by the bankruptcy court and here, the Court need only enter an interlocutory order because motions to dismiss pursuant to Federal Rules of Civil Procedure ("*Rule*") 12(b)(1) and 12(b)(6), and motions to strike pursuant to Rule 12(f), like the instant mo-tions filed by Defendant and Plaintiffs, are interlocutory.  Entering an interlocutory order does not implicate "the constitutional limitations on the Court's authority to enter final judgments."[33]  Therefore, this Court need not determine whether it has constitutional authority to enter a final

---

[28] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[29] 11 U.S.C. § 157(b)(2); s*ee also In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").
[30] 28 U.S.C. § 1408.
[31] 28 U.S.C. § 1409(a).
[32] *Stern v. Marshall*, 564 U.S. 462, 503 (2011).
[33] *West v. WRG Energy Partners LLC (In re Noram Res., Inc.)*, 2011 Bankr. LEXIS 5183, at *3 (Bankr. S.D. Tex. Dec. 30, 2011).

judgment because an interlocutory order is all the instant case requires.[34]  Nevertheless, this Court

has constitutional authority to enter a final order because Plaintiffs and Defendant have consented

explicitly to adjudication of this dispute by this Court.[35]

### III.   ANALYSIS

## A.  Standard of review for motions to strike under Rule 12(f)

Under Rule 12(f), the court may strike from a pleading an insufficient defense or any re-

dundant, immaterial, impertinent, or scandalous matter. [36]  Striking a pleading is generally disfa-

vored, and it is "a drastic remedy to be resorted to only when required for the purposes of justice

[and] should be granted only when the pleading to be stricken has no possible relation to the con-

troversy."[37]  "Although motions to strike are disfavored and infrequently granted, striking certain

allegations can be appropriate when they have no possible relation to the controversy and may

cause prejudice to one of the parties."[38]  Also, district courts enjoy considerable discretion in ruling

on a motion to strike.[39]

Typically, it is clear on the face of the pleadings whether the challenged matter should be

stricken under Rule 12(f).[40]  "Redundant" matter consists of allegations that constitute "a needless

repetition of other averments in the pleadings."[41]  "Immaterial" matter is that which "has no es-

sential or important relationship to the claim for relief or the defenses being pleaded," such as

superfluous historical allegations, "or a statement of unnecessary particulars in connection with

---

[34] *See Shelton v. Aguirre & Patterson, Inc. (In re Shelton)*, 2014 Bankr. LEXIS 1722, at *11 (Bankr. S.D. Tex. Apr. 18, 2014) (explaining that a bankruptcy court may not dismiss a cause of action with prejudice because that would constitute adjudication on the merits and thus a final order dismissing the plaintiff's suit. However, the court continued, a court may issue an interlocutory order even where it does not have authority to enter a final order.)

[35] ECF Nos. 21, 22.

[36] FED. R. CIV. P. 12(f).

[37] *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quotation omitted).

[38] *American S. Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 626-27 (E.D. Tex. 2010).

[39] *Id.* at 627 (citations omitted).

[40] *Spoon v. Bayou Bridge Pipeline, LLC*, 335 F.R.D. 468, 470 (M.D. La. 2020).

[41] 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2004).

and descriptive of that which is material."[42] "Impertinent" matter overlaps with "immaterial" matter and "consists of statements that do not pertain, and are not necessary, to the issues in question."[43] Finally, "scandalous" matters improperly casts a derogatory light on someone, most typically on a party to the action, but "it is not enough that the matter offends the sensibilities of the objecting party" or the person who is the subject of the statements in the pleading, "if the challenged allegations describe acts or events that are relevant to the action."[44] Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party.[45]

## B.  Pearl's Motion to Strike

In Pearl's Second Amended Answer and Counterclaims, Pearl asserted three counterclaims for: (1)  quiet title – suit to remove cloud on title; (2) trespass to try title; and (3) breach of contract.[46] In the GLO's Motion To Dismiss, the GLO seeks to bring two counterclaims in reply for: (1) breach of contract along with related attorney's fees.[47]; and (2) trespass to try title.  In its Motion To Strike, Pearl asserts that (i) counterclaims in reply are not permitted under the federal rules; (ii) the GLO is attempting to amend its complaint without leave of Court; and (iii) the GLO has had years to bring the reply counterclaims, refused to agree to both parties amending their pleadings, and aggressively opposed Pearl's efforts to amend Pearl's pleadings.[48]

Whether a plaintiff may assert a counterclaim in reply to defendant's counterclaim has been a divisive issue among courts.[49] In the Fifth Circuit, this Court is aware of only two, non-binding

---

[42] *Id.*
[43] *Id.*
[44] *Id.*
[45] *Id.*
[46] ECF No. 67 at 12-13.
[47] ECF No. 75 at 12.
[48] ECF No. 90 at 4-5, ¶ 18.
[49] *See Ohio Cas. Ins. Co. v. Eagle Mist Corp.*, No. 4:19-cv-02974-MTS, 2021 U.S. Dist. LEXIS 63995, at *3 (E.D. Mo. 2021) ("[T]he Court acknowledges the debate over whether a plaintiff can advance a counterclaim in reply to a

cases which have interpreted this issue.[50]  Across the country, courts have taken at least five distinct approaches.  First, some courts find that a counterclaim in reply is impermissible because the federal rules do not expressly allow it.[51]  Second, other courts have examined this same text and found that all counterclaims in reply are permitted under the rules.[52]  Third, some courts conclude that only compulsory counterclaims in reply are permitted.[53]  Fourth, others allow only compulsory counterclaims in reply to defendant's permissive counterclaim.[54]  Fifth, some courts conclude that counterclaims in reply should be treated as motions to amend the complaint.[55]

Although each of these five approaches are discussed more fully below, one common bond is shared by all of them – they fail to make a distinction between a plaintiff's counterclaim in reply which seeks to join with the original complaint from a plaintiff's counterclaim in reply which seeks to remain part of a separate pleading such as an answer.  This distinction is meaningful because only amendments are governed by Rule 15.

When a plaintiff's counterclaim in reply is joined with the original complaint, the Court finds that this is an amendment governed by Rule 15.  Looking to the definition of amendment, the Second Circuit has cited case law defining an amendment as "that which alters by modification, deletion, or addition . . . By definition, an amendment is something which incorporates by reference

---

defendant's counterclaim."); *see also Healthe, Inc. v. High Energy Ozone LLC*, No. 6:20-cv-2233-RBD-EJK, 2021 U.S. Dist. LEXIS 133244, at *3 (M.D. Fla. 2021) ("The procedural propriety of 'counterclaims in reply' is tangled, to put it mildly.").

[50] *Classic Indus., LP v. Mitsubishi Chem. FP Am., Inc.*, No. 3:07-CV-1201-P, 2009 U.S. Dist. LEXIS 136506, at *8 (N.D. Tex. 2009); *Med. Components, Inc. v. Osiris Med., Inc.*, No. EP-15-CV-305-PRM, 2016 U.S. Dist. LEXIS 191868 (W.D. Tex. 2016).

[51] *See, e.g., Gonzalez v. Central Elec. Coop., Inc.*, 2009 U.S. Dist. LEXIS 98104, 2009 WL 3415235 at *5 (D. Or. 2009).

[52] *See e.g., Power Tools & Supply, Inc. v. Cooper Power Tools, Inc.*, No. 05-CV-73615, 2007 U.S. Dist. LEXIS 29571, 2007 WL 1218701, at *2-3 (E.D. Mich. Apr. 20, 2007).

[53] *See, e.g., Electroglas, Inc. v. Dynatex Corp.*, 473 F. Supp. 1167, 1171 (N.D. Cal. 1979).

[54] *See, e.g., Lincoln Sav. Bank v. Open Sols., Inc.*, 956 F. Supp. 2d 1032, 1040 (N.D. Iowa 2013).

[55] *See Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 213 n.3 (S.D.N.Y. 2007), aff'd, 354 F. App'x 496 (2d Cir. 2009).

some or all of a previously filed document."[56]  Similarly, Black's Law Dictionary defines amend-

ment as "[a]ny writing made or proposed as an improvement of some principal writing."[57]  By

adding new claims to the plaintiff's complaint, the counterclaim in reply acts as an amendment

altering the complaint.  Critically, however, when a "counterclaim in reply" is an amendment to

the complaint it is no longer a "counterclaim" as well.[58]  These new claims are simply part of the

original complaint.

      In contrast, the Court finds that Rule 15 does not apply when a plaintiff intends for the

counterclaim in reply to remain in a pleading separate from the plaintiff's complaint, such as in an

answer.  In practice, the effect of filing the counterclaim in reply separately is largely the same as

adding the claims by amendment.  Though, in the second scenario, while the plaintiff still moves

to add new claims it is no longer incorporating the previous complaint and there is no improvement

on the principal writing.  This counterclaim in reply becomes an entirely separate claim and simply

does not possess the characteristics of an amendment.  Having made this distinction, the Court will

now examine each of the five approaches.

### 1.  The first approach

      Under the first approach, some courts hold that a counterclaim in reply is impermissible

because the federal rules do not expressly allow it.[59]  This Court disagrees with the first approach

for two reasons.  First, as stated above, if the counterclaim in reply was seeking to add to the

plaintiff's complaint and become a single document, then it is an amendment governed by Rule

---

[56] *J.C.B. Sales Ltd v. Wallenius Lines*, 124 F.3d 132, 136 (2d Cir. 1997) (citing *People v. Sarver*, 102 Ill. App. 3d 255, 429 N.E.2d 1108, 1109, 57 Ill. Dec. 834 (Ill. App. Ct. 1981) (quoting BLACK'S LAW DICTIONARY 74 (5th ed. 1979))).

[57] BLACK'S LAW DICTIONARY, 2nd ed. (last visited July 25, 2022) https://thelawdictionary.org/amendment.

[58] *See Ruben A. v. El Paso Indep. Sch. Dist.*, No. EP-07-CV-0029-FM, 2009 U.S. Dist. LEXIS 140377, at *7 (W.D. Tex. 2009) ("Black's Law Dictionary defines 'counterclaim' as '[a] claim for relief asserted against an opposing party **after an original claim has been made**; esp., a defendant's claim in opposition to or as a setoff against the plaintiff's claim.") (quoting BLACK'S LAW DICTIONARY, (8th ed. 2004)).

[59] *See, e.g., Gonzalez*, 2009 U.S. Dist. LEXIS 98104, 2009 WL 3415235 at *5.

15. In this scenario, the term counterclaim in reply is a bit of a misnomer – it is simply an amendment, not a counterclaim.

Second, regarding standalone counterclaims in reply that remain part of an answer, it is true that counterclaims in reply are not expressly allowed by the federal rules. However, many courts have found that counterclaims in reply may nonetheless be filed in accordance with Rules 7 and 13. Rule 13 provides that a pleading must state as a counterclaim any compulsory counterclaim and that a pleading may state as a counterclaim any permissive counterclaim.[60] As the language of the rule shows, a counterclaim is not itself a pleading, but is a claim included in some other pleading. "Pleading" is defined by Rule 7(a) as: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.[61] Included amongst the permissible pleadings is "an answer to a counterclaim designated as a counterclaim."[62] In other words, by the plain language of the rules, a counterclaim may be raised in a pleading, and an answer to a counterclaim is a permissible pleading; hence, a counterclaim may be asserted in a reply to a counterclaim.[63]

Accordingly, the Court rejects the first approach for both an amendment and a counterclaim in reply filed along with another pleading.

## 2. The second approach

The second of the five approaches finds that all counterclaims in reply are permitted under the rules.[64] In the context of standalone counterclaims in reply, this Court agrees. In *Power Tools*

---

[60] FED. R. CIV. P. 13(a), (b) (emphasis added).
[61] FED. R. CIV. P. 7(a).
[62] *Id.*
[63] *See Power Tools & Supply, Inc.*, No. 05-CV-73615-DT, 2007 U.S. Dist. LEXIS 29571, at *6.
[64] *Id.* at 2-3.

*& Supply, Inc.*, the court rejected defendant's argument that only compulsory counterclaims in reply are permitted whereas permissive counterclaims in reply were not.[65]  There, the court found that this distinction was unnecessary since Rules 7 and 13 authorized both.[66]  In the case of permissive counterclaims Rule 13(b) granted defendant, not the court, discretion to bring a counterclaim.[67]  Since Rule 15 would not apply, leave was not a consideration for either the compulsory or permissive counterclaim in reply.  In the context of an amendment where plaintiff sought to add the new claims to the original complaint, the "counterclaims in reply" would not actually be counterclaims but simply an amendment.  Thus, Rule 15 would govern.

Accordingly, the Court adopts the second approach in relation to counterclaims in reply filed with another pleading but holds that Rule 15 applies where the "counterclaim in reply" acts as an amendment to plaintiff's complaint.

### 3.  The third approach

Next, as to the third of the five approaches, some courts conclude that only compulsory counterclaims in reply are permitted.  Most cases relying on this standard come out of the Ninth Circuit.[68]  One problem with these cases is that they never explain why only compulsory counterclaims in reply are permitted.[69]  Instead, they merely repeat the standard as a rule.  For example, in *Vieste, LLC*, the court simply states, "Counterclaims in reply are permitted only if they are

---

[65] *Id*. at 7.

[66] *Id.* at *9.

[67] *Id.*

[68] *Electroglas, Inc.*, 473 F. Supp. at 1171; *Vieste, LLC v. Hill Redwood Dev.*, No. C 09-04024 JSW, 2011 U.S. Dist. LEXIS 157915, at *9 (N.D. Cal. 2011); *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1525 (9th Cir. 1985); *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013).

[69] The *Power Tools & Supply, Inc.* court agreed with this position noting that "Not one of the cases adopting this rule has explained its rationale, and more importantly none of the cases adopting the rule have examined the consistency of this rule with the plain language of Rules 7 and 13." *Power Tools & Supply, Inc.*, No. 05-CV-73615-DT, 2007 U.S. Dist. LEXIS 29571, at *7.

compulsory counterclaims and not if they are permissive counterclaims."[70]  *Vieste, LLC*, then cites to *Davis & Cox*[71] which is similarly unhelpful.[72]

Curiously, each of the cases applying the third approach either cite directly to *Se. Indus. Tire Co.*[73] or to another case which cites *Se. Indus. Tire Co.*[74]  This case arises from the Eastern District of Pennsylvania and, despite being cited in support, does not stand for the rule that only compulsory counterclaims in reply are permitted.  In fact, in *Se. Indus. Tire Co*., the court actually struck the counterclaim in reply and held that "for reasons of clarity and practicality, it would be better to treat the counterclaim in reply as an amendment to the complaint."[75]  Further, in dicta, the court advocated for an analysis which turned on *defendant's* counterclaim.[76]  This differs significantly from the third approach which focuses on plaintiff's counterclaim in reply rather than defendant's original counterclaim.[77]

Applying this Court's distinction to amendments and counterclaims in reply as part of a separate pleading, the fallacy of the third approach is apparent.  As previously stated, if the

---

[70] *Vieste, LLC*, No. C 09-04024 JSW, 2011 U.S. Dist. LEXIS 157915, at *9.

[71] *Id.*

[72] *Davis & Cox*, 751 F.2d at 1525 (stating generally that a counterclaim in reply is permitted if it is compulsory).

[73] *Se. Indus. Tire Co. v. Duraprene Corp.*, 70 F.R.D. 585 (E.D.Pa.1976).

[74] *See Electroglas, Inc.*, 473 F. Supp. at 1171 (citing *Se. Indus. Tire Co.*); *Vieste, LLC*, No. C 09-04024 JSW, 2011 U.S. Dist. LEXIS 157915, at *9 (citing *Davis & Cox* which cites *Se. Indus. Tire Co.*); *Davis & Cox*, 751 F.2d at 1525 (citing *Se. Indus. Tire Co.*); *Mattel, Inc.*, 705 F.3d at 1110 (citing *Davis & Cox* which cites *Se. Indus. Tire Co.*); *Grumpy Cat Ltd. v. Grenade Bev. LLC*, No. SA CV 15-2063-DOC (DFMx), 2017 U.S. Dist. LEXIS 221449, at *6 (C.D. Cal. 2017) (citing *Davis & Cox* which cites *Se. Indus. Tire Co.*); *Conceptus, Inc. v. Hologic, Inc.*, No. C 09-02280 WHA, 2010 U.S. Dist. LEXIS 45460, at *3 (N.D. Cal. 2010) (citing *Davis & Cox* which cites *Se. Indus. Tire Co.*).

[75] *Se. Indus. Tire Co.*, 70 F.R.D. at 588.

[76] "By filing a permissive counterclaim defendant has voluntarily exposed itself to a counterclaim in reply and thus waived the protection that it might otherwise have been afforded by the Rule 15(a) limitations on the ability to amend. There would, however, be no such voluntary waiver if defendant had been forced to file a compulsory counterclaim on penalty of giving it up if not filed. Although we are not faced here with the question of whether a counterclaim in reply may be filed after a compulsory counterclaim without complying with Rule 15(a), we believe, for the reasons stated earlier, that the Federal Rules clearly authorize a counterclaim in reply even in those limited circumstances where the plaintiff would not have been able to augment his claim if it were not for the fact that the defendant had filed a compulsory counterclaim." *Id.* at 587-88.

[77] *Grumpy Cat Ltd.*, No. SA CV 15-2063-DOC (DFMx), 2017 U.S. Dist. LEXIS 221449, at *10 (finding that "the court in *Davis & Cox*, however, dismissed the counterclaim-in-reply not because it was in response to a compulsory counterclaim, but because it was permissive").

counterclaim in reply was seeking to add to the plaintiff's complaint and become a single document, then it is an amendment governed by Rule 15.  However, if the plaintiff sought a separate counterclaim in reply as part of an answer, the difference between a compulsory or permissive counterclaim would not have the effect the third approach advocates.

Rule 13(a) provides that "a pleading must state" as a counterclaim any compulsory counterclaim.[78]  This differs from permissive counterclaims in which "a pleading may state" a counterclaim.[79]  The Court agrees that for a standalone counterclaim in reply, a compulsory counterclaim is permissible.  However, the Court sees no reason why a permissible counterclaim in reply would not be permitted.  Rule 13(b) affords discretion to the movant, not the court, by stating that a pleading *may* state a counterclaim.[80]  As previously noted, courts applying the third approach have not explained a rationale.  Instead, the third approach conflates application of Rule 15 in addition to Rule 13 because this approach holds that compulsory counterclaims in reply are authorized by the "must" language in Rule 13(a) and thus are not subject to Rule 15 while permissive counterclaims in reply only "may" be included in pleadings under Rule 13(b) and are thus subject to Rule 15.  The *Vieste, LLC* court, for example, held that the compulsory counterclaims in reply were allowed while the permissive counterclaims in reply were denied because plaintiffs were required to seek leave to amend on those claims and the time to seek leave had expired.[81]

This Court rejects the third approach because a counterclaim in reply either seeks to amend the complaint thus subjecting it to Rule 15, or it does not.  In the case of an amendment, Rule 13

---

[78] Fed. R. Civ. P. 13(a).

[79] Fed. R. Civ. P. 13(b).

[80] The word "may" is not intended to confer any discretion upon the court with respect to a permissive counterclaim; rather, it gives the litigant a choice either to assert or not to assert a permissive counterclaim. *Montecatini Edison, S.P.A. v. Ziegler*, 159 U.S. App. D.C. 19, 486 F.2d 1279, 1282 (D.C. Cir. 1973); *Power Tools & Supply, Inc.*, No. 05-CV-73615-DT, 2007 U.S. Dist. LEXIS 29571, at *8; *see also Switzer Bros. v. Locklin*, 207 F.2d 483, 488 (7th Cir. 1953) ("Both the words 'compulsory' in paragraph (a) and 'permissive' in paragraph (b) are a description of the rights of the pleader. Neither has any bearing upon the right or duty of the court when a counterclaim is presented.").

[81] *Vieste, LLC*, No. C 09-04024 JSW, 2011 U.S. Dist. LEXIS 157915, at *13 (N.D. Cal. 2011).

is not controlling. At best, the argument that failure to plead a compulsory counterclaim bars a party from bringing a later independent action on that claim[82] would serve as a strong argument for granting leave under Rule 15. However, if the counterclaim in reply is amending the complaint it is not actually a counterclaim. Furthermore, even if both Rule 13 and Rule 15 were somehow relevant to a single analysis, the Court is unaware of any rule which states that Rule 13(a) supersedes Rule 15 such as in *Vieste, LLC* where the bar date for filing amendments had passed but the compulsory claims were allowed.

Accordingly, the Court rejects the third approach.

### 4. The fourth approach

Next, the fourth approach followed by some courts turns on whether the original counterclaim filed by the defendants was compulsory or permissive.[83] Unfortunately, this line of cases also offers very little explanation as to why this method is employed. In *Medical Components, Inc.*,[84] the Western District of Texas applied this standard and cited to *Feed Mgmt. Sys.*,[85] and *Weitz Co., LLC*[86] in support. Neither of those two cases offered much of a rationale either but each cited to *Ivey*[87] and *Joseph Bancroft & Sons Co.*[88]

First, *Ivey* involved a plaintiff who filed a counterclaim in reply and, in the alternative sought leave to amend.[89] The defendant in *Ivey* moved to strike.[90] Ultimately, the court held that "Counterclaims are perfectly proper subjects of a reply."[91] The court further held that it was thus

---

[82] *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 879 (5th Cir. 1998).

[83] *See, e.g.*, *Lincoln Sav. Bank*, 956 F. Supp. 2d at 1040.

[84] *Med. Components, Inc.*, No. EP-15-CV-305-PRM, 2016 U.S. Dist. LEXIS 191868.

[85] *Feed Mgmt. Sys. v. Brill*, 518 F. Supp. 2d 1094 (D. Minn. 2007).

[86] *Weitz Co., LLC v. MH Wash.*, LLC, No. 06-0559-CV-W-NKL, 2007 U.S. Dist. LEXIS 40747 (W.D. Mo. 2007).

[87] *Ivey v. Daus*, 17 F.R.D. 319 (S.D.N.Y. 1955).

[88] *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415, 417 (D. Del. 1970).

[89] *Ivey*, 17 F.R.D. at 321 ("Plaintiff, in addition to opposing defendant's motion, cross moves for . . . leave to amend his complaint . . . .").

[90] *Id.*

[91] *Id.*

unnecessary to consider plaintiff's motion for leave.[92]  Notably, the *Ivey* court did not engage in any discussion of permissive versus compulsory counterclaims and held only that counterclaims in reply were acceptable generally.  If anything, *Ivey* undermines the fourth approach because it suggests leave to amend is not applicable when a counterclaim in reply is pled, regardless of whether it is compulsory or permissive.

Second, *Joseph Bancroft & Sons Co.* dealt with a scenario adding one additional layer of complexity to the already tangled counterclaim in reply analysis.  In that case, the plaintiff filed an answer to defendant's counterclaim but failed to bring any counterclaims in reply.[93]  Subsequently, defendant amended its counterclaims and plaintiff filed counterclaims in reply.[94]  Defendant then moved to dismiss or strike plaintiff's counterclaims in reply arguing that counterclaims in reply were not authorized by the federal rules.[95]  The court quickly rejected defendant's argument but noted that "The right of either plaintiff or defendant to plead counterclaims is not absolute . . . Rule 13(f) requires a party who fails to set up his counterclaims within the time permitted for his responsive pleading to secure leave of court."[96]  To be abundantly clear on this point, the reason Rule 13(f) was potentially relevant to the *Joseph Bancroft & Sons Co.* court was not because Rule 13(f) or Rule 15 *always* controlled counterclaims, be it normal or counterclaims in reply, it was that the plaintiff had previously filed an answer without counterclaims in reply and was now seeking to file counterclaims in reply in the wake of defendant's amended counterclaims.

---

[92] *Id.* ("Defendant's motion, insofar as it seeks to strike plaintiff's counterclaims because they are contained in the reply, is denied. It is thus unnecessary to consider plaintiff's cross motion insofar as it seeks leave to amend the complaint so as to include therein the allegations of plaintiff's counterclaims.").

[93] *Joseph Bancroft & Sons Co.*, 50 F.R.D. at 417 ("Plaintiff replied to the counterclaims in due course and asserted affirmative defenses.").

[94] *Id.* ("On February 2, 1970, defendant moved to amend its counterclaims. By agreement of the parties and leave of Court, amendments to counterclaims three and four were made on February 12, 1970. On February 16, 1970, plaintiff replied to the amended counterclaims and asserted three counterclaims of its own in the reply.").

[95] *Id.*

[96] *Id.* at 418.

The *Joseph Bancroft & Sons Co.* court focused the analysis on the central question of "whether plaintiff's failure to plead his counterclaims in his reply to defendant's four counterclaims when they entered the case forces the present controversy into the confines of Rule 13(f)."[97] Notably, in 2009, Rule 13(f) was abrogated as "largely redundant and potentially misleading."[98] Nonetheless, Rule 13(f) was considered largely redundant of Rule 15 and Rule 15 would have applied in 1970 when *Joseph Bancroft & Sons Co.* was issued as well as after the 2009 amendment. Thus, although Rule 13(f) has since been abrogated, the court's reasoning is not impacted.

Moving back to the central question, defendant argued that "plaintiff's counterclaims, not having been pleaded when the opportunity was first available to do so of right, are 'omitted counterclaims' requiring leave of court."[99]  The *Joseph Bancroft & Sons Co.* court disagreed, looking to Rule 15(a)(3) which clearly obliged plaintiff to respond to defendant's amended counterclaim.[100]  The *Joseph Bancroft & Sons Co.* court further noted that defendant, having just received the benefit of amending his counterclaims, "can hardly be heard to complain that claims filed against him are improper because they should have been asserted in response to his original pleading."[101]  Finally, the *Joseph Bancroft & Sons Co.* court looked to Rule 13(a) which instructs that counterclaims be filed in a "pleading."[102]  Since a response to an amended counterclaim/complaint was an authorized pleading, plaintiff was thus able to bring the counterclaims in reply without seeking leave of court under Rule 13(f) or Rule 15.[103]

---

[97] *Id.*
[98] *See* Committee Advisory Notes 2009.
[99] *Joseph Bancroft & Sons Co*, 50 F.R.D. at 418.
[100] *Id.* at 419; FED. R. CIV. P. 13(a)(3) ("*Time to Respond*. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").
[101] *Id.* at 419.
[102] *Id.*
[103] *Id.* ("[P]laintiff was entitled to state his counterclaims *at the time of serving it*.") (emphasis added).

When considering the fourth approach, it is important to highlight that *Joseph Bancroft & Sons Co.* never once uses the word "permissive."[104]  The fourth approach finds that "[a] counter-claim-in-reply is a permissible pleading when it is a compulsory reply to a permissive counter-claim."[105]  However, *Joseph Bancroft & Sons Co.* certainly is not a narrow finding that only certain types of counterclaims in reply to certain types of counterclaims are permissible.  Nothing in *Joseph Bancroft & Sons Co.* suggests that permissive counterclaims in reply to a compulsory counterclaim or any type of counterclaim in reply to a compulsory counterclaim are not permitted.

In *Weitz, Co.* the plaintiff cited *Joseph Bancroft & Sons Co.* for the general proposition that counterclaims in reply are permitted, not that any distinction between defendant's compulsory and permissive counterclaims was necessary.[106]  The *Weitz, Co.* court adopted this reasoning.[107]  Unfortunately, *Weitz, Co.* added some additional language which seems to be the root of the subsequent confusion.  Without any additional citation, *Weitz, Co.* stated that "It is particularly important to permit a reply in this case because Weitz has raised what is effectively a compulsory counterclaim to MH Washington's counterclaim. Since Weitz's claim is directly related to the specific allegations raised in MH Washington's counterclaim, it is appropriate to permit them to be raised in reply."[108]  The use of "since" can be read to imply that only compulsory counterclaims in reply are allowed.

Quite the opposite, *Joseph Bancroft & Sons Co.*, one of the two cases *Weitz, Co.* relied on, held that plaintiff had the right to plead a counterclaim in reply pursuant to Rule 15(a)(3) and Rule 13(a).  Notably, Rule 13(a) applies to compulsory counterclaims.  However, the part of Rule 13(a)

---

[104] *See generally Joseph Bancroft & Sons Co.*, 50 F.R.D. at 415.
[105] *Feed Mgmt. Sys.*, 518 F. Supp. 2d at 1096.
[106] *Weitz Co., LLC v. MH Wash., LLC*, No. 06-0559-CV-W-NKL, 2007 U.S. Dist. LEXIS 40747, at *8 (W.D. Mo. 2007).
[107] *See id.* ("The weight of authority on this question favors Weitz.").
[108] *Id.* at *8-9.

that the *Joseph Bancroft & Sons Co.* court cited to was that a counterclaim be brought in a pleading. That is equally true of Rule 13(b). The only reason Rule 13(a) was used as opposed to Rule 13(b) seems to be that it was relevant to the facts in *Joseph Bancroft & Sons Co.* As discussed above, the central question posed by the *Joseph Bancroft & Sons Co.* court was whether leave to amend was required due to plaintiff's failure to originally file a counterclaim in reply in its answer to defendant's counterclaims.[109] There was absolutely no discussion about whether the counterclaim in reply was compulsory or permissive.

Despite this, *Feed Mgmt. Sys.* citing only to *Weitz, Co.* and the cases it cited, decided that only compulsory counterclaims in reply to permissive counterclaims were allowed.[110] The added requirement from *Feed Mgmt. Sys.* that defendant's counterclaim be permissive is simply befuddling. Even in the ambiguous text quoted in the previous paragraph, there is no mention in *Weitz, Co.* of any weight given to the fact that defendant's counterclaim was permissive. The text focuses solely on the importance of allowing plaintiff's counterclaim in reply.[111] Even if the defendant's counterclaim was permissive in that case, there is simply no mention from *Weitz, Co.* that it was a requirement. *Feed Mgmt. Sys.*, though, proceeded to entertain a thorough analysis into whether defendant's counterclaim was permissive before analyzing whether plaintiff's claim was compulsory.[112] Since *Feed Mgmt. Sys.* several other courts, including *Medical Components, Inc.*, have adopted this approach.

Additionally, this Court notes that although neither *Feed Mgmt. Sys.* nor *Weitz, Co.* cite to *Erickson*, *Erickson* found that "[w]here the defendant has asserted a permissive counterclaim and the plaintiff's counterclaim would be considered a compulsory counterclaim in response, courts

---

[109] *Joseph Bancroft & Sons Co.*, 50 F.R.D. at 418.
[110] *Feed Mgmt. Sys.*, 518 F. Supp. 2d at 1096.
[111] *Weitz Co., LLC*, No. 06-0559-CV-W-NKL, 2007 U.S. Dist. LEXIS 40747, at *8.
[112] *Feed Mgmt. Sys.*, 518 F. Supp. 2d at 1096-97.

have permitted plaintiffs to file such claims."[113]  *Erickson* cited to five different cases in support. Of these, one was *Davis & Cox* which, as discussed above, advocated for the third of the five approaches and does not support *Erickson*'s additional focus on defendant's counterclaim.[114]  Another was *Se. Indus. Tire Co.*, which, as discussed above, actually struck the counterclaim in reply and granted leave.[115]  Even the dicta supported a focus solely on defendant's counterclaim and does not support *Erickson*'s dual focus on plaintiff's counterclaim in reply.[116]  Yet another was *Electroglas, Inc.* which supports the third approach and not defendant's additional focus on defendant's counterclaim.[117]  Next, *Erickson* cites to *Turner* where the court actually refused to recognize counterclaims in reply under the rules and instead interpreted plaintiff's counterclaim in reply as a motion to amend.[118]  Obviously, this offers no support to *Erickson*'s approach.  Finally, the last case *Erickson* cites to is *Jenkins* where the court treated the counterclaim in reply as a motion to amend.[119]

Therefore, although each of these five decisions may well have featured a compulsory counterclaim in reply to a permissive counterclaim, not one of them relied on this classification as a justification for allowing the counterclaim in reply.  Correlation is not synonymous with causation.  Each of these five decisions actually disagreed with the reasoning of *Erickson* and thus this case certainly does not support the fourth approach.

Having explored the case history behind the fourth approach, it is clear that this method is founded upon unstable ground.  In application, the fourth approach is unsurprisingly problematic. Under the fourth approach, a court must first evaluate whether defendant's counterclaim was

---

[113] *Erickson v. Horing*, No. 99-1468 (JRT/FLN), 2000 U.S. Dist. LEXIS 22432, at *33 (D. Minn. 2000).
[114] *Davis & Cox*, 751 F.2d at 1525.
[115] *Se. Indus. Tire Co.*, 70 F.R.D. at 588.
[116] *Id.*
[117] *Electroglas, Inc.*, 473 F. Supp. at 1171.
[118] *Turner & Boisseau v. Nationwide Mut. Ins. Co.*, 175 F.R.D. 686, 687 (D. Kan. 1997).
[119] *Jenkins v. Sea-Land Serv.*, 92 Civ. 2380 (PKL), 1994 U.S. Dist. LEXIS 11477, at *6 (S.D.N.Y. 1994).

permissive or compulsory. For some unstated reason, a counterclaim in reply to defendant's compulsory counterclaim is not permitted under the fourth approach. Presumably, this has something to do with defendant not having a choice but to file the counterclaims or risk losing the right to assert them. However, it's not entirely clear what rule would actually prohibit plaintiff from filing any type of counterclaim in reply to defendant's compulsory counterclaim.

It is possible that the fourth approach rests on the same theory regarding defendant's waiver of Rule 15 as stated in dicta in *Se. Indus. Tire Co*.[120] If so, this would certainly be a curious source considering not even the dicta of that case advocated for a two-part test like in the fourth approach. Nevertheless, even if that was the shared reasoning of the fourth approach it would fail. *Se. Indus. Tire Co*. stated that "[b]y filing a permissive counterclaim defendant has voluntarily exposed itself to a counterclaim in reply and thus waived the protection that it might otherwise have been afforded by the Rule 15(a) limitations on the ability to amend."[121]

This Court reiterates once again that something is either an amendment or it is not. A compulsory counterclaim in reply which seeks to join the original complaint is an amendment guided by Rule 15 whereas counterclaims in reply that seek to remain in a separate pleading from the complaint are not guided by Rule 15. If Rule 15 applies, a counterclaim in reply is no longer actually a counterclaim. Furthermore, even if Rule 15 was somehow relevant to counterclaims in reply that were part of a separate pleading, *Se. Indus. Tire Co*.'s reference to a waiver is unavailing. In the footnote cited by this statement, the *Se. Indus. Tire Co*. court only mentions jurisdiction and venue waivers but not waivers of Rule 15.[122]

Accordingly, for all of the aforementioned reasons this Court rejects the fourth approach.

---

[120] *Se. Indus. Tire Co.*, 70 F.R.D. at 587-88.
[121] *Id.* at 587.
[122] *Id.* at 587 n.5.

## 5.  The fifth approach

Finally, the fifth approach is to treat counterclaims in reply as an amendment to the complaint.[123]  In *Ohio Casualty. Insurance Co.*, the court reasoned that it was better to interpret the counterclaim in reply as a motion to amend since courts were so split on the issue.[124]  Specifically, the court stated "[r]ather than delve into that quagmire, the Court finds the more prudent course is to simply treat Plaintiff's Motion as a motion for leave to amend the Complaint."[125]  This Court finds this reasoning problematic.  Although Rule 15 is feely granted, it is not automatic.  The case at hand is a great example of why this determination matters.  Pearl was previously ordered to pay fee shifting for filing a late amendment[126] and the GLO is incentivized to classify its counterclaim in reply as part of an answer rather than an amendment where Pearl could seek fee shifting.[127]  Subjecting plaintiff to Rule 15 simply by the court's preference is unequitable regardless of whether the aforementioned circumstance applies.

The Court is also aware of other cases which hold that "for reasons of clarity and practicality, it would be better to treat the counterclaim in reply as an amendment to the complaint."[128]  *Se. Indus. Tire Co.* offered this reasoning in relation to jury confusion.[129]  Even in this context, this Court disagrees with interpreting counterclaims in reply filed with an answer or other pleading as an amendment to the complaint.  As detailed several times above, although not expressly, Rules 7 and 13 authorize a party to file counterclaims in reply.  There is no rule, however, that grants authority to this Court to determine whether a party may bring such pleading under Rule 15 or as

---

[123] *See Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 213 n.3 (S.D.N.Y. 2007), aff'd, 354 F. App'x 496 (2d Cir. 2009).

[124] *Ohio Cas. Ins. Co. v. Eagle Mist Corp.*, No. 4:19-cv-02974-MTS, 2021 U.S. Dist. LEXIS 63995, at *3-4 (E.D. Mo. 2021).

[125] *Id.*

[126] ECF No. 64.

[127] *Id.*

[128] *Se. Indus. Tire Co.*, 70 F.R.D. at 588.

[129] *Id.*

part of another pleading.  Even if the case could be made that such a rule did exist, this Court is significantly wary of the slippery due process slope that such authority could create.

Finally, the Court notes that *Classic Industries, LP* from within the Fifth Circuit has adopted the fifth approach.[130]  There, the Northern District of Texas relied on the "clarity and practicality" language justifying amendment.  The *Classic Industries, LP* court also stated that "[t]he method employed by *Classic* is contrary to the purpose of Rule 15(a) and allowing *Classic's* counterclaim to proceed would constitute circumvention of the Rule."[131]  This Court respectfully disagrees, however, because Rule 15(a) could not have been circumvented when it was not applicable in the first place.  If the counterclaim in reply was timely filed as part of an answer, it was not amending anything.  Thus, Rule 15 did not apply.

As this Court has made clear, a counterclaim asserted in reply is an amendment when it seeks to be added to the original complaint.  In this scenario, Rule 15 applies.  However, when a party seeks to file a counterclaim in reply along with an answer or another pleading other than the complaint, there is no amendment.  In the latter scenario, the fifth approach fails.

Accordingly, this Court also rejects the fifth approach.

### 6.  This Court's approach

After an exhaustive analysis of the rationale behind each of these five distinct approaches, the Court adds its own more comprehensive approach and concludes that the first question it must answer when presented with the question of whether Plaintiff, here the Texas General Land Office, is permitted to advance counterclaims in reply to Defendant, Pearl Resources LLC and Pearl Resources Operating Co. LLC's counterclaims is whether the particular counterclaim in reply (1)

---

[130] *Classic Indus., LP*, No. 3:07-CV-1201-P, 2009 U.S. Dist. LEXIS 136506, at *8.
[131] *Id.*

seeks to amend plaintiff's original complaint; or (2) seeks to remain part of another pleading on the docket.

Making this determination is critical. As detailed above, the entire analysis, and more importantly, the outcome differs based on which application plaintiff seeks. In some instances, such as the case at hand, a party will clearly request the filing of a counterclaim as a separate pleading and oppose the filing of an amendment. In this case, the Court previously granted Pearl leave to amend its counterclaims but also ordered Pearl to pay fee shifting to the GLO for the delay in seeking the amendment.[132] Thus, the GLO has a strong incentive to seek a counterclaim in reply as part of an answer rather than an amendment to its Complaint.

Irrespective of this consideration, it would be improper to impose Rule 15 on a party who otherwise could bring a standalone counterclaim in reply merely because it was the Court's preference to interpret it as a motion to amend. Although leave to amend is freely given, it is not automatic.[133] A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment.[134] Therefore, this Court finds that it is of great importance to first ascertain whether Plaintiff seeks to file an amendment to its complaint or a counterclaim in reply as part of an answer. Here, the answer is clear. The GLO has filed its counterclaims in reply as part of its answer to Pearl's Counterclaims and not as amendment to its Complaint.[135] In fact, the GLO clearly maintains that

---

[132] ECF No. 64.

[133] *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718, 208 F. Supp. 2d 687 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

[134] *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

[135] ECF No. 75.

it has a right to assert its counterclaims outside of the Complaint.[136]  This Court agrees, and Rule 15 will not apply.

Accordingly, the Court finds that since the GLO filed its counterclaims in reply as part of its answer to Pearl's Counterclaims and not as amendment to its Complaint, Rule 15 does not apply and such counterclaims in reply are permitted.

Nevertheless, in its Motion to Strike,[137] Pearl asserts that the GLO's counterclaims for breach of contract and trespass to try title should be stricken because (i) reply counterclaims are not permitted under the federal rules; (ii) the GLO is attempting to amend its complaint without leave of Court; and (iii) the GLO has had years to bring the reply counterclaims, refused to agree to both parties amending their pleadings, and aggressively opposed Pearl's efforts to amend Pearl's pleadings.[138] The Court will consider each in turn.

### i.   Whether reply counterclaims are permitted under the federal rules

Beginning with the first argument, Pearl contends that counterclaims in reply are only permitted when they are a compulsory reply to a permissive counterclaim.[139]  This is the fourth approach taken by some courts.  In support, Pearl cites to *Feed Mgmt. Sys.* and *Medical Components, Inc*.[140]  Pearl then argues that its counterclaims for quiet title and trespass to try title were compulsory and thus the GLO's counterclaims in reply should not be permitted.[141] As this Court explained above, *Feed Mgmt. Sys.*, *Medical Components, Inc*., and the other courts applying the fourth approach, do not offer a basis for doing so.

---

[136] ECF No. 93 at 2, ¶ 2 ("While the Court unquestionably has the discretion to grant leave for the GLO to amend its complaint to assert its counterclaims to avoid confusion or for the sake of clarity or practicality, that does not alter the conclusion that the GLO has a right to assert those counterclaims.").
[137] ECF No. 90.
[138] *Id.* at 4-5, ¶ 18.
[139] *Id.* at 5, ¶ 20.
[140] *Id.*
[141] *Id.* at 7.

Accordingly, because this Court finds that Rule 13 clearly authorizes the filing of counter-claims whether they are permissive or compulsory, Pearl's first argument is without merit.

### ii.    Whether the GLO is attempting to amend its complaint without leave of Court

Next, Pearl argues that the GLO is attempting to amend its Complaint without leave of Court.[142]   Pearl cites to *Classic Industries, LP*, *Se. Indus. Tire Co.*, and *Turner* in arguing that allowing the counterclaims in reply would be a circumvention of Rule 15.[143]  This Court disagrees. As discussed, the GLO's counterclaim in reply is not an amendment of its Complaint.

Accordingly, since leave to amend the GLO's Complaint was not required and there can be no circumvention of Rule 15 if it never applied, Pearl's second argument in the Motion to Strike also fails.

### iii.    Whether the GLO has had years to bring the counterclaims in reply, refused to agree to both parties amending their pleadings, and aggressively opposed Pearl's efforts to amend Pearl's pleadings

Finally, Pearl argues that the GLO has had years to bring the counterclaims in reply, refused to agree to both parties amending their pleadings, and aggressively opposed Pearl's efforts to amend Pearl's pleadings.  All of these points have no bearing on whether a counterclaim in reply should be permitted.  When Pearl filed its amended answer, it triggered the right for the GLO to file a counterclaim in reply.  Thus, the Court finds no merit in Pearl's final argument in its Motion to Strike.

Accordingly, Pearl's Motion to Strike pursuant to Rule 12(f) is denied.

## C.  Standard of review for motions to dismiss under Federal Rule of Civil Procedure 12(b)(1)

Next, Pearl brings its Motion To Dismiss pursuant to 12(b)(1), as to the GLO's counter-claim in reply for breach of contract only.  Under Rule 12(b)(1), this Court must dismiss the

---

[142] *Id.* at 8.
[143] *Id.* at 8-9, ¶¶ 34-35.

complaint if it finds that it lacks subject matter jurisdiction to hear the dispute.[144] "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[145] "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."[146]

Article III of the Constitution confines federal courts to adjudicating actual "cases" and "controversies."[147] Under the case or controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit."[148] "This means that, throughout the litigation, a plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"[149] "As a general rule, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot."[150] "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot."[151] If a case becomes moot, it

---

[144] The Court notes that it has the jurisdiction to determine whether it has subject matter jurisdiction over the dispute at bar. *See Henry v. United States*, 277 Fed. Appx. 429, 434 n.11 (5th Cir. 2008) ("A court always has jurisdiction to consider its jurisdiction . . . .") (citing *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376, 60 S. Ct. 317, 84 L. Ed. 329 (1940) (holding that a federal court has authority to determine whether it has subject matter jurisdiction over a dispute)); *Trevino v. Michelin N. Am., Inc.*, 2006 U.S. Dist. LEXIS 17754, 2006 WL 778609, at *8 (S.D. Tex. Mar. 23, 2006) ("The court has the authority to pass upon its own jurisdiction . . . .") (quoting *Chicot County Drainage Dist.*, 308 U.S. at 376).

[145] *Champions Truck & Equip. Inc. v. Patterson*, 2008 U.S. Dist. LEXIS 55343, 2008 WL 2810608, at *1-2 (S.D. Tex. July 21, 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

[146] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[147] U.S. CONST. ART. III, § 2.

[148] *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43, (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)).

[149] *Id.* (quoting *Lewis*, 494 U.S. at 477).

[150] *Env't Conservation Org. v. City of Dall.*, 529 F.3d 519, 527 (5th Cir. 2008) (internal quotation omitted).

[151] *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) (citation omitted).

deprives the Court of jurisdiction and should be dismissed under Rule 12(b)(1) of the Federal Rules of Procedure.[152]   The burden of demonstrating mootness "is a heavy one."[153]

### D.  Pearl's Motion to Dismiss Pursuant to 12(b)(1)

In Pearl's Motion to Dismiss,[154] Pearl asserts that the GLO's counterclaim in reply for breach of contract should be dismissed as moot.  The basis of Pearl's contention is that the GLO's counterclaim in reply for breach of contract seeks monetary relief for an alleged prepetition failure by Pearl to drill offset wells, but the GLO cannot obtain such request because: (1) the GLO's failure to file a proof a claim bars any recovery; and (2) the GLO's breach of contract cause of action is prohibited by the terms of the Modified Plan.[155]   The Court will consider each in turn.

#### 1.  Whether the GLO's failure to file a proof of claim bars recovery

##### a.  Whether the GLO asserted setoff or recoupment defensively

As a preliminary matter, the GLO argues that whether it filed a proof of claim or not, it may assert a counterclaim in reply for breach of contract defensively for setoff or recoupment.[156] The problem with the GLO's argument is that a counterclaim in reply for breach of contract defensively for setoff or recoupment has not been properly brought before this Court.

A party asserting recoupment has the burden at trial to show that it factually fits within the parameters of "the narrow doctrine of recoupment."[157]   Specifically, the creditor must establish: (1) an overpayment must have been made; and (2) both the creditor's claim and the amount owed

---

[152] *See* FED. R. CIV. P. 12(b)(1); *Spencer*, 523 U.S. at 7 (holding case becomes moot when it "no longer presents a case or controversy under Article III, § 2 of the Constitution"); *Env't Conservation Org.*, 529 F.3d at 525 ("If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents").

[153] *Bank of New York Mellon v. Inthirath*, 2018 U.S. Dist. LEXIS 59095, 2018 WL 1703126, at *3 (N.D. Tex. Mar. 22, 2018), report and recommendation adopted, No. 4:17-CV-00853-O-BP, 2018 U.S. Dist. LEXIS 58657, 2018 WL 1702472 (N.D. Tex. Apr. 6, 2018) (citing *United States v. W. T. Grant Co.*, 345 U.S. 629, 632-633, 73 S. Ct. 894, 97 L. Ed. 1303 (1953)).

[154] ECF No. 88.

[155] *Id.* at 4, ¶ 19.

[156] *Id.*

[157] *In re Abco Indus.*, 270 B.R. 58, 61 (Bankr. N.D. Tex. 2001).

the debtor must have arisen from a single contract or transaction.[158]  In *In re Northstar Offshore Grp., LLC*, the court dismissed a creditor's recoupment action where it failed to comply with Rule 8(a)(2).[159]  In the same vein, the creditor has the burden to establish that the right to setoff exists.[160]  A valid right to setoff under 11 U.S.C. § 553 requires: (1) a debt owed by the creditor to the debtor that arose prior to commencement of the bankruptcy case; (2) a claim of the creditor against the debtor that arose prior to the commencement of the bankruptcy case; and (3) the debt and claim are mutual obligations—involving the same parties standing in the same capacity.[161]

Here, the GLO's counterclaim in reply for breach of contract never once mentions recoupment or setoff.  Further, contrary to that stated by the GLO, the counterclaim in reply for breach of contract seeks affirmative recovery and is not pled defensively.  In the breach of contract section of GLO's counterclaims, it states "The GLO seeks damages in the amount of $2,190,523.86 caused by Pearl failing to drill offset wells on Section 20 to prevent drainage from the Whiskey River Well, a judicial determination that the State Leases have been forfeited, and attorney fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 37.004 and 38.001."[162]  No mention of any offset or reduction of Pearl's counterclaims is stated.  The prayer for relief is also consistent with this finding.  There, the GLO requests the Court enter an order "Granting the GLO's breach of contract claim and awarding damages in the amount of $2,190,523.86 . . . ."[163]  Once again, there is no request for

---

[158] *Kosadnar v. Metropolitan Life Ins. Co. (In re Kosadnar)*, 157 F.3d 1011, 1014 (5th Cir. 1998).
[159] *Northstar Offshore Grp., LLC v. Peregrine Oil & Gas LP (In re Northstar Offshore Grp., LLC)*, Nos. 16-34028, 17-03448, 2018 Bankr. LEXIS 2817, at *16-17 (Bankr. S.D. Tex. 2018) ("The purpose of recoupment is to determine just liability on a claim; although Peregrine alleged that Northstar's actions caused it harm, it has failed to plead sufficient facts that demonstrate how a benefit was conferred on Northstar required for recoupment against a claim.").
[160] *Felton v. Noor Staffing Group, LLC (In re Corporate Res. Servs. Inc.)*, 564 B.R. 196, 204 (Bankr. S.D.N.Y. 2017).  See In re WL Homes LLC, 471 B.R. 349, 352 (Bankr. D. Del. 2012) (stating that creditor must "first establish its right to setoff by finding an independent right of setoff under non-bankruptcy law")
[161] *In re Luongo*, 259 F.3d 323, 334 (5th Cir. 2001).
[162] ECF No. 75 at 19, ¶ 115.
[163] *Id.* at 21-22.

setoff or recoupment.  Instead, the first mention that the counterclaim in reply for breach of contract was pled defensively occurred in response to Pearl's Motion to Dismiss.

Having failed to properly assert setoff or recoupment defensively in the counterclaim in reply for breach of contract, the GLO will not be permitted to advance arguments as if it had.  To allow the GLO to do so, would result in an advisory opinion of claims not properly before the Court.  Since the only argument offered by the GLO that it was not required to file a proof of claim was that it pled its counterclaim in reply for breach of contract defensively for setoff or recoupment, the GLO's argument fails.

Next, the Court will analyze Pearl's contention that the GLO's failure to file a proof of claim bars recovery.

### b.  The GLO's failure to file a proof of claim

On its Schedule E/F, Pearl listed the GLO as having an unsecured claim.[164]  While the boxes to designate the claim as disputed, contingent, or unliquidated are unchecked, the claim amount is listed as "Unknown."  It is undisputed that the GLO's breach of contract claim arose prepetition,[165] and that the GLO never filed a proof of claim.[166]  Pearl maintains that the failure of the GLO to file a proof of claim means that the GLO is not entitled to distribution under the confirmed Modified Plan.[167]

A creditor in a chapter 11 case is not always required to file a proof of claim.[168]  Federal Rule of Bankruptcy Procedure ("*Bankruptcy Rule*") 3003(b)(1) provides that creditors' claims listed in the debtor's schedules "shall constitute prima facie evidence of the validity and amount

---

[164] ECF No. 88-5 at 4.
[165] ECF No. 94 at 2, ¶ 3 ("The GLO did not file a proof of claim prior to the applicable bar date for governmental units.").
[166] *Id.*
[167] ECF No. 88.
[168] *In re Dartmoor Homes*, 175 B.R. 659, 664 (Bankr. N.D. Ill. 1994).

of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated." Thus, if a claim is scheduled as undisputed, liquidated, and noncontingent, the creditor can either accept the amount scheduled as the amount of its claim or may file a claim asserting another amount.[169]  Further, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is not listed in the debtor's schedules, or is listed in the schedules as disputed, contingent, or unliquidated, must file a proof of claim by the court's deadline to do so.  Additionally, Bankruptcy Rule 3003(c)(2) provides that if a creditor is required to file a proof of claim and does not do so prior to the court's deadline, that creditor cannot participate in plan voting or obtain a distribution from the estate for its claim.

As detailed above, Bankruptcy Rule 3003(c)(2) requires unscheduled claims as well as those listed as disputed, contingent, or unliquidated, to file a proof of claim.  The key similarity between unscheduled claims and each of the three enumerated categories is that no prima facie evidence of validity and amount is created under Bankruptcy Rule 3003(b)(1).  Instead, under Bankruptcy Rule 3001(f), prima facie evidence of validity and amount is only established once a timely proof of claim is properly filed.  When a claim is scheduled as "unknown," no amount is listed.  Thus, the scheduled claim could not possibly constitute prima facie evidence of amount. Therefore, it stands to reason that when a claim is scheduled as "unknown," a creditor is required to file a proof of claim or risk losing the right to distribution pursuant to Bankruptcy Rule 3002(c)(2).

This reasoning was adopted by *In re Sabbun*.[170]  There, the court noted that "[a]lthough 'unknown' is not synonymous with 'disputed, contingent, or unliquidated,' it is obvious that the statutory evidentiary presumption as to the validity and amount of a claim cannot apply to a claim

---

[169] 11 U.S.C. §§ 501, 1111(a); Fed. R. Bankr. P. 3003.
[170] 556 B.R. 383, 388 n.1 (Bankr. C.D. Ill. 2016).

scheduled as 'unknown.'"[171]  Therefore, the creditors in that case were required to file proofs of claim identifying the specific basis for any claim and the amounts due in order to have their claims allowed.[172]  The failure to file a proof of claim meant that the creditors forfeited their rights to voting and distribution.[173]

Similarly in *In re Rath Packing Co.*, the Northern District of Iowa held that Bankruptcy Rule 3003(c)(2) requires: (1) Creditors listed as amounts unknown *must* file a proof of claim; (2) the claim *must* be filed within the time set by the Court; and (3) failure to timely file a claim denies the creditor voting and distribution rights.[174]  There, the debtor scheduled the IRS as a creditor in an unknown amount.[175]  The IRS filed its claims after the bar date.[176]  The court found that the IRS's filed claims were disallowed because the IRS failed to timely file a claim or seek an extension of the bar date of file a claim.[177]

This Court agrees with the holdings of *In re Sabbun* and *In re Rath Packing Co.*  When Schedules E/F list a creditor's claim as unknown, the creditor is provided notice, but no prima facie evidence of amount is established.  As such, the creditor was required to file a proof of claim in the time required.  Applying this rationale to the case at hand, the GLO is barred from bringing its pre-petition breach of contract claim.  When Pearl filed its Schedule E/F listing the GLO's claim as "unknown," this triggered the obligation of the GLO to file a proof of claim.  By failing to do so, no prima facie evidence of amount was established.

Accordingly, the GLO's counterclaim in reply for breach of contract is dismissed pursuant to Rule 12(b)(1).

---

[171] *Id.*
[172] *Id.*
[173] *Id.*
[174] 55 B.R. 528, 534 (Bankr. N.D. Iowa 1985).
[175] *Id.*
[176] *Id.*
[177] *Id.*

**2. Whether the confirmed modified plan bars the GLO's recovery on its counterclaim in reply for breach of contract**

Although the GLO's counterclaim in reply for breach of contract will be dismissed pursuant to Rule 12(b)(1) due to its failure to file a proof of claim, Pearl further argues that the GLO's counterclaim in reply for breach of contract should also be dismissed on the alternative ground that it is proscribed by the terms of the confirmed Modified Plan.  Pearl points to Class 12 of the Modified Plan which provides that "[a]ll potential claims against the Debtors that were not filed in either bankruptcy estate on or before the bar date of May 1, 2021…shall not receive any recovery under the Plan."[178]  Since, the GLO failed to file a claim before May 1, 2021, the confirmed Modified Plan provides that the GLO's counterclaim in reply for breach of contract is barred.

Accordingly, Pearl's Motion to Dismiss pursuant to Rule 12(b)(1) is granted and the GLO's counterclaim in reply for breach of contract is also dismissed on the alternative ground that it is barred the terms of the Modified Plan.

**3. Whether leave is required for the GLO to amend the GLO's Answer and the GLO's Counterclaims in Reply**

In the GLO's Response to the Motion to Dismiss, the GLO requests leave to amend the GLO's Answer and the GLO's Counterclaims in Reply.[179]  As this Court has already held, the GLO's Counterclaims in Reply were filed as a separate pleading from the Complaint and thus not subject to Rule 15.  However, because the GLO has already pled its Counterclaims in Reply by right and failed to state a claim, a motion for leave to amend under Rule 15 is now required to amend the GLO's Answer and the GLO's Counterclaims.

Accordingly, the Court will issue a separate order setting hearing on the GLO's request for leave to amend the GLO's Answer and the GLO's Counterclaims .

---

[178] Bankr. ECF No. 226 at 29.
[179] ECF No. 94 at 7, ¶ 14.

**E.   Standard of review for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)**

Pearl next asserts that the GLO's counterclaim in reply for breach of contract and its request for attorney's fees as well as the request for attorney's fees accompanying the counterclaim in reply for trespass to try title, should be dismissed pursuant to Rule 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must clear two hurdles.  First, the complaint must describe the claim in enough detail to give fair notice of the claim and the grounds for it.[180]  "[A] formulaic recitation of the elements of a cause of action will not do."[181]  Specifics are unnecessary, but some facts must support each element.[182]  Second, the complaint must state a claim "plausible on its face,"[183] meaning the plaintiff's right to relief must rise above a "speculative level."[184]  Rule 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."[185]  In *Ashcroft v. Iqbal*, the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts . . . permit the court to infer more than the mere possibility of misconduct."[186]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[187]  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[188]

Motions to dismiss are disfavored and thus, rarely granted.[189]  When considering a motion

---

[180] *See* FED. R. CIV. P. 8(a) (made applicable by FED. R. BANKR. P. 7008).
[181] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).
[182] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
[183] *Twombly*, 550 U.S. at 570.
[184] *Id.* at 555.
[185] FED. R. CIV. P. 8(a).
[186] 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).
[187] *Id.* at 678.
[188] *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) ("A complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true raise a right to relief above the speculative level.") (citations omitted).
[189] *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005).

to dismiss under Rule 12(b)(6), courts accept well-pleaded allegations as true and liberally con-strue the complaint in favor of the plaintiff.[190]   This Court reviews motions under Rule 12(b)(6) by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs."[191]   When considering a motion to dismiss under Rule 12(b)(6), the Court must as-sess the legal feasibility of the complaint, not weigh the evidence that might be offered in its sup-port.[192]   The Court's consideration "is limited to facts stated on the face of the complaint and in the documents appended to the complaint or incorporated in the complaint by reference, as well as to matters of which judicial notice may be taken."[193]   And although this Court "will not strain to find inferences favorable to the plaintiff[],"[194] the facts need only be sufficient "for an inference to be drawn that the elements of the claim exist."[195]   To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must meet Rule 8(a)(2)'s pleading requirements.

## F.  Pearl's Motion to Dismiss Pursuant to 12(b)(6)

Although the GLO's counterclaim in reply for breach of contract has already been dis-missed under 12(b)(1), Pearl argues in the alternative for dismissal of the counterclaim in reply for breach of contract and its accompanying request for attorney's fees under 12(b)(6).   Additionally, while Pearl does not seek dismissal of the GLO's counterclaim in reply for trespass to try title, it does seek dismissal of the accompanying request for attorney's fees under 12(b)(6).[196]

---

[190] *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).

[191] *Stokes v. Gann*, 498 F. 3d 483, 484 (5th Cir. 2007) (per curiam).

[192] *Koppel v. 4987 Corp.,* 167 F.3d 125, 133 (2d Cir. 1999).

[193] *Hertz Corp. v. City of New York,* 1 F.3d 121, 125 (2d Cir. 1993).

[194] *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.,* 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted).

[195] *See Harris v. Fidelity Nat'l Info. Serv* (*In re Harris*), Nos. 03-44826, 08-3014, 2008 Bankr. LEXIS 1072 at *11 (Bankr. S.D. Tex. Apr. 4, 2008) (citing *to Walker v. South Cent. Bell Tel. Co*., 904 F.2d 275, 277 (5th Cir. 1990)).

[196] ECF No. 88 at 9, ¶ 39 ("Similarly, the request for attorney's fees under the GLO's trespass to try title could have been brought prepetition. In fact, the trespass to try title cause of action itself is exceptionally similar to the GLO's request for declaratory relief brought in its original complaint.").

As a preliminary matter, the Court need not analyze Pearl's argument for dismissal of the request for attorney's fees accompanying the counterclaim in reply for trespass to try title because the GLO does not actually plead for recovery of attorney's fees under its counterclaim in reply for trespass to try title.[197]  Instead, the only request for attorney's fees is under the breach of contract section of the counterclaim in reply.[198]  Thus, Pearl is seeking dismissal of a request for attorney's fees in the counterclaim in reply for trespass to try title that was not actually pled.

Accordingly, Pearl's Motion to Dismiss the GLO's request for attorney's fees accompanying the counterclaim in reply for trespass to try title pursuant to 12(b)(6) is denied as moot.

In regards to the counterclaim in reply for breach of contract and the request for attorney's fees accompanying the breach of contract, Pearl raises two main arguments.  First, as it did with its 12(b)(1) argument, Pearl contends that the counterclaim in reply for breach of contract and the accompanying request for attorney's fees should be dismissed under 12(b)(6) because of the GLO's failure to file a proof of claim and the terms of the Modified Plan bar recovery.[199]  Second, Pearl argues that the request for attorney's fees accompanying the counterclaim in reply for breach of contract should be dismissed under 12(b)(6) because of the GLO cannot recover attorney's fees under Tex. Civ. Prac. & Rem. Code § 37.004 or § 38.001.  The Court will consider each in turn.

### 1. Whether the GLO's failure to file a proof of claim and the terms of the Modified Plan warrant dismissal of the counterclaim in reply for breach of contract pursuant to Rule 12(b)(6)

In Pearl's Motion to Dismiss, it reasserts the same arguments under 12(b)(6) as it did under 12(b)(1).[200]  In Section D supra, the court has already determined that Pearl's scheduling of the

---

[197] ECF No. 75 at 19-20, ¶¶ 116-23.

[198] *Id.* at 19, ¶ 115.

[199] ECF No. 88 at 6, ¶ 29.

[200] *Id.* ("As set forth herein, the GLO's breach of contract reply counterclaim and requests for attorney's fees should be dismissed because the failure of the GLO to file a proof of claim and confirmation of the plan, as well as the confirmation order, serve to bar the GLO's request for monetary relief.").

GLO's claim as "unknown" triggered the obligation of the GLO to file a proof of claim.  By failing to do so, no prima facie evidence of amount was established, and the claim is thus barred under Bankruptcy Rule 3002(c)(2).  Furthermore, this Court also concluded that the GLO is barred from bringing the counterclaim in reply for breach of contract by Class 12 of the Modified Plan.  For these same reasons, the GLO's counterclaim in reply for breach of contract fails to state a claim for which relief can be granted.

Accordingly, Pearl's Motion to Dismiss pursuant to 12(b)(6) is granted and the GLO's counterclaim in reply for breach of contract is dismissed on the alternative ground for failure to state a claim for which relief can be granted.

**2. Whether the GLO can recover attorney's fees accompanying the breach of contract counterclaim in reply under Tex. Civ. Prac. & Rem. Code § 37.004 or § 38.001**

As part of its counterclaim in reply for breach of contract, the GLO requests attorney's fees under Tex. Civ. Prac. & Rem. Code §§ 37.004 and 38.001.[201]  Since the Court has already dismissed the counterclaim in reply for breach of contract for failure to state a claim, the accompanying requests for attorney's fees must also be dismissed.  Nevertheless, the Court will evaluate Pearl's alternative arguments.

In its Motion to Dismiss, Pearl asserts that the GLO cannot recover attorney's fees under Tex. Civ. Prac. & Rem. Code §§ 37.004 or 38.001.  First, Pearl argues that the GLO's request for attorney's fees under § 37.004 does not provide access to attorney's fees.[202]  In response, the GLO concedes that it mistakenly used a "4" instead of a "9" and should have put § 37.009.[203]  As pled, however, the GLO has failed to state a claim for attorney's fees under § 37.004 and thus pursuant to Rule 12(b)(6) the GLO cannot recover attorney's fees under § 37.004.

---

[201] ECF No. 75 at 21.
[202] ECF No. 88 at 9, ¶ 43.
[203] ECF No. 94 at 7, ¶ 15

Accordingly, Pearl's Motion to Dismiss pursuant to Rule 12(b)(6) regarding the GLO's the request for attorney's fees under Tex. Civ. Prac. & Rem. Code § 37.004 in the GLO's counterclaim in reply for breach of contract is granted and the GLO's request for its accompanying attorney's fees under Tex. Civ. Prac. & Rem. Code § 37.004 related to that claim is dismissed.

Second, Pearl argues that the GLO's request for attorney's fees under § 38.001 must be dismissed because attorney's fees are not available against limited-liability companies under § 38.001.[204]  Section 38.001(b)(8) states that:

> a person may recover reasonable attorney's fees from an individual or *organization* other than a quasi-governmental entity authorized to perform a function by state law, a religious organization, a charitable organization, or a charitable trust, in addition to the amount of a valid claim and costs, if the claim is for an oral or written contract.[205]

Pursuant to Tex. Civ. Prac. & Rem. Code § 1.002, "organization" means a corporation, limited or general partnership, *limited liability company*, business trust, real estate investment trust, joint venture, joint stock company, cooperative, association, bank, insurance company, credit union, savings and loan association, or other organization, regardless of whether the organization is for-profit, nonprofit, domestic, or foreign.[206]

Here, Pearl is a limited liability company.  Since a limited liability company is one of the enumerated categories in the definition of organization, Pearl is a proper defendant to seek attorney's fees from in a claim under § 38.001(b)(8).  Therefore, the GLO properly pled its request attorney's fees resulting from its counterclaim in reply for breach of contract under § 38.001 and Pearl's argument fails.  Pearl's alternative argument under Rule 12(b)(6) regarding the GLO's request for attorney's fees under § 38.001 of the Tex. Civ. Prac. & Rem. Code is without merit.

---

[204] ECF No. 88 at 10, ¶ 45.
[205] Tex. Civ. Prac. & Rem. Code § 38.001(b)(8) (LexisNexis 2022) (emphasis added).
[206] Tex. Bus. Orgs. Code § 1.002. (emphasis added).

Accordingly, Pearl's Motion to Dismiss pursuant to Rule 12(b)(6) regarding the GLO's the request for attorney's fees under Tex. Civ. Prac. & Rem. Code § 38.001 in the GLO's counterclaim in reply for breach of contract is without merit. Nevertheless, since the Court has already dismissed the GLO's counterclaim in reply for breach of contract, the GLO's request for its accompanying attorney's fees under Tex. Civ. Prac. & Rem. Code § 38.001 related to that claim is also dismissed.

## G. The GLO's Motion to Dismiss

In the GLO's Motion to Dismiss,[207] the GLO seeks dismissal only of Pearl's counterclaim for breach of contract. Pearl asserts counterclaims against the GLO for (i) quiet title; (ii) trespass to try title; and (iii) breach of contract.[208] The GLO argues that Pearl's counterclaim for breach of contract should be dismissed because (1) Pearl failed to identify specific contractual provisions that the GLO breached; and (2) Pearl does not plead specific damages.[209] The Court will consider each in turn.

### 1. Whether Pearl's breach of contract claim should be dismissed for failure to identify specific contractual provisions that the GLO breached

First, the GLO contends that Pearl has not stated a claim for breach of contract because of its failure to cite specific contractual provisions which were breached by the GLO and merely offers conclusory statements that the GLO breached.[210] In support of this requirement, the GLO cites to *In re Trevino*.[211] In response, however, Pearl argues that *In re Trevino* actually stands for the exact opposite of what the GLO is offering the case for and explains that in that case, because there was no confusion as to the relevant contract provisions, the failure to comply with the general

---

[207] ECF No. 75.
[208] ECF No. 67.
[209] ECF No. 67 at 6-8.
[210] ECF No. 75 at 6, ¶ 20.
[211] 535 B.R. 110, 154 (Bankr. S.D. Tex. 2015).

rule was a trivial one that warranted denying the request to dismiss.[212]

Indeed, *In re Trevino* noted that some courts have found that as a general rule, "a plaintiff suing for breach of contract must point to a specific provision in the contract that was breached by the defendant."[213]  However, *In re Trevino* then stated that the purpose of this general rule was to prevent vague and conclusory allegations which deprive defendants of fair notice.[214]  There, plaintiffs sued their mortgagee bank and argued, inter alia, that the bank breached the note and security agreement by seeking repayment of property taxes.[215]  The bank responded in its motion to dismiss that the bank in fact had the right to seek repayment of property taxes because the agreements provided that the bank could "pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount."[216]  In subsequent argument, plaintiffs clarified that Section 9 was the same provision that plaintiffs intended to argue and disagreed with the bank's interpretation.[217]  Ultimately, the court reasoned that "[b]ecause there does not seem to be any confusion with regards to the pertinent contractual provisions, granting a motion to dismiss due to a trivial defect is not appropriate."[218]

In Pearl's Response to the Motion to Dismiss, it argues that *In re Trevino* is analogous to the case at hand.  Here, the GLO responded to Pearl's counterclaim for breach of contract by arguing "section 16(c) of the State Lease gives the GLO the right to file the [Designation of Terminated Acreages and Depths ('DTAD')] after the lessee fails or refuses to do so."[219]  Similar to the plaintiffs in *In re Trevino*, Pearl's argument is that the State Lease does not, in fact, give the

---

[212] ECF No. 91 at 6, ¶ 28.
[213] *In re Trevino*, 535 B.R. at 154 (citing *Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 2014 U.S. Dist. LEXIS 167201, 2014 WL 6805483, at *4 (N.D. Tex. Dec. 3, 2014)).
[214] *In re Trevino*, 535 B.R. at 154.
[215] *Id.*
[216] *Id.*
[217] *Id.*
[218] *Id.* at 155.
[219] ECF No. 91 at 7, ¶ 32.

GLO the authority to file the DTAD.[220]  Thus, the instant case is similar to *In re Trevino* where the bank asserted it had the right to do something under the contract and the plaintiffs sued alleging that the contract did not, in fact, give the bank the right to take the action.  Here, the GLO has taken an action that Pearl does not believe the contract gave it the right to take.  There is no confusion or vagueness as demonstrated by the GLO's Motion to Dismiss, which cites paragraph 16(c) as the basis for filing the DTAD.

Accordingly, the GLO's Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted for Pearl's failure to cite to specific contractual provisions is denied.

### 2. Whether Pearl's counterclaim for breach of contract should be dismissed because Pearl failed to plead specific damages

Second, the GLO argues that Pearl's counterclaim for breach of contract should be dismissed because Pearl failed to plead specific damages.[221]  The GLO contends that Pearl relies on a "formulaic recitation of the elements," and does not sufficiently plead facts to plausibly support damages.[222]  Referring to Pearl's counterclaim for breach of contract, the GLO further asserts that "no types or amounts of damages are specified or even alluded to in these facts, or the exhibit attached to Pearl's pleading."[223]

In Pearl's Response to the Motion to Dismiss, Pearl counters that "[t]he GLO does not cite to any case requiring that a claim for breach of contract allege the 'types' of damages or amounts."[224]  Further, Pearl notes that it did request specific damages in its prayer which sought

---

[220] *Id.*
[221] ECF No. 75 at 7, ¶ 25.
[222] *Id.*
[223] *Id.* at 8, ¶ 27.
[224] ECF No. 91 at 8, ¶ 40.

"actual damages and reasonable attorney's fees."[225]  In the GLO's Reply, it countered with three cases purporting to support its position.[226]  However, after reviewing each of these cases, the Court is unpersuaded.  Unlike the limited holdings in each of these cases, Pearl has sufficiently pled that the GLO breached its contract with Pearl by filing the DTAD.  It seeks actual damages as a result of this breach as well as attorney's fees pursuant to Texas Civil Practice and Remedies Code section 38.001.

Accordingly, the GLO's Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted for Pearl's failure to plead specific damages is denied.

### III.   CONCLUSION

An Order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED August 23, 2022

_____
Eduardo Rodriguez
United States Bankruptcy Judge

---

[225] *Id.* at 8, ¶ 41.
[226] *See e.g.* (1) *Langen v. Sanchez Oil & Gas Corp.*, No. CV 4:18-02840, 2019 WL 1674348, at *4 (S.D. Tex. Apr. 17, 2019); (2) *Snowden v. Wells Fargo Bank, N.A.*, No. 3:18-CV-1797-K-BN, 2019 WL 587304, at *3 (N.D. Tex. Jan. 18, 2019), report and recommendation adopted, No. 3:18-CV-1797-K, 2019 WL 586005 (N.D. Tex. Feb. 12, 2019); and (3) *Shastry v. U.S. Bank Nat'l Ass'n*, No. 3:16-CV-3335-G-BN, 2018 WL 4627132, at *11 (N.D. Tex. July 27, 2018), report and recommendation adopted, No. 3:16-CV-3335-G-BN, 2018 WL 4090426 (N.D. Tex. Aug. 27, 2018).