United States Bankruptcy Court
Southern District of Texas

**ENTERED**
July 22, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 20-31585 |
| PEARL RESOURCES LLC, PEARL | § | |
| RESOURCES OPERATING CO. LLC, | § | CHAPTER 11 |
| | § | |
| Debtors. | § | |
| | § | |
| DAWN BUCKINGHAM, MD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 20-3169 |
| | § | |
| PEARL RESOURCES LLC and PEARL | § | |
| RESOURCES OPERATING CO. LLC, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION
REGARDING CERTIFICATION OF A DIRECT APPEAL
TO THE FIFTH CIRCUIT COURT OF APPEALS**

Pending before the Court is a single matter, self-styled as "First-Amended Motion for Certification of Direct Appeal to Court of Appeals"[1] filed by Pearl Resources, LLC and Pearl Resources Operating Co., LLC (collectively, "*Pearl*") on July 18, 2025. The Motion seeks certification of Pearl's appeal direct to the Fifth Circuit Court of Appeals under 28 U.S.C. § 158(d). The State of Texas, by and through the Texas General Land Office (the "*GLO*"), filed its notice of appeal on July 10, 2025.[2] Pearl filed its notice of cross-appeal on July 10, 2025.[3]

---

[1] ECF No. 413.
[2] ECF No. 402.
[3] ECF No. 404.

## I. STATUTORY AND RULE AUTHORITY

This certification is made pursuant to 28 U.S.C. § 158(d)(2). It is governed by Federal Rule of Bankruptcy Procedure ("*Bankruptcy Rule*") 8006.

## II. FACTUAL BACKGROUND

1. On March 3, 2020, Pearl filed for relief under Chapter 11 of the United States Bankruptcy Code (the "*Petition Date*").[4]

2. On May 28, 2020, George P. Bush, Commissioner of the Texas General Land Office (the "GLO" or the "State"), by and through the Office of the Texas Attorney General, filed the instant Complaint for Declaratory Judgment[5] (the "*Complaint*") against Pearl.

3. On February 28, 2025, this Court issued its "Memorandum Opinion"[6] (the "*First Memorandum Opinion*") and "Judgment"[7] (the "*Judgment*").

4. For the purposes of this Memorandum Opinion and, to the extent not inconsistent herewith, this Court adopts and incorporates by reference each of the Background Facts in this Court's First Memorandum Opinion.[8] The Court initially found that Pearl's recovery of $40,577,031 in damages was barred by sovereign immunity as to liability.

5. On March 14, 2025, Pearl filed its "Pearl Resources, LLC and Pearl Resources Operating Co.'s Motion to Alter or Amend Judgment"[9] (the "*Motion for Reconsideration*").

6. On June 27, 2025, this Court issues its "Memorandum Opinion"[10] (the "*Second Memorandum Opinion*") and "Amended Judgment"[11] (the "*Amended Judgment*"), granting in part Pearl's Motion for Reconsideration, and rendered an Amended Judgment in favor of Pearl, permitting recovery by Pearl from the GLO in the amount of $40,178,678.40, finding that the GLO had waived sovereign immunity as to both suit and liability.

7. For the purposes of this Memorandum Opinion and, to the extent not inconsistent herewith, this Court adopts and incorporates by reference each of the Background Facts in this Court's Second Memorandum Opinion.[12]

---

[4] Bankr. ECF No. 1; "Bankr. ECF" refers docket entries made in the Debtor's bankruptcy case, No. 20-31585. Entries made in GLO's Case number 20-3169 shall take the format of ECF No. __.
[5] ECF No. 1.
[6] ECF No. 375.
[7] ECF No. 376.
[8] ECF No. 375.
[9] ECF No. 383.
[10] ECF No. 398.
[11] ECF No. 399.
[12] ECF No. 398.

8. On July 10, 2025, the GLO filed its Notice of Appeal.[13]

9. On July 10, 2025, Pearl filed its Notice of Cross-Appeal.[14]

10. On July 12, 2025, Pearl filed its Motion for Certification of Direct Appeal to Court of Appeals.[15]

11. On July 14, 2025, the Court issued its "Order Denying Without Prejudice"[16] and granted Pearl leave to file a motion pursuant to 28 U.S.C. § 158.

12. On July 18, 2025, Pearl filed its "First-Amended Motion for Certification of Direct Appeal to Court of Appeals"[17] (the "*Motion*").

### III.  THE QUESTION PRESENTED

*Whether the application of sovereign immunity as to both suit and liability as applied to the instant bankruptcy adversary precludes recovery of Pearl's Damages.*[18]

### IV.  THE RELIEF SOUGHT

The Amended Judgment yields Pearl a recovery in the amount of $40,178,678.40 plus prejudgment and post-judgment interest in the amount of 4.09% until paid in full, which can only be recovered by Pearl through approval by the Texas Legislature.[19] Pearl seeks timely relief to attempt to collect its judgment through legislative approval beginning with the 90th Regular Texas Legislative session in 2027.[20]

---

[13] ECF No. 402.
[14] ECF No. 404.
[15] ECF No. 408.
[16] ECF No. 409.
[17] ECF No. 413.
[18] ECF No. 413 at 4.
[19] General Appropriations Act, Article IX, § 16.04; *see Freedom from Religion Found., Inc. v. Abbott*, No. 1:16-CV-233-RP, 2024 WL2852505, at *3 (W.D. Tex. June 5, 2024) ("The Texas Legislature must approve judgments exceeding $250,000 through a 'miscellaneous claims' bill submitted to the Texas Legislature as part of each regular session.").
[20] ECF No. 413 at 7.

## V.     Procedural Background

Under Rule 8006, a party may request certification of their appeal direct to the court of appeals that the bankruptcy court may grant so long as the movant meets three qualifications: (1) the certification has been filed; (2) a timely appeal has been taken under Rule 8003 or 8004; and (3) the notice of appeal has become effective under Rule 8002.[21] For the first requirement, the bankruptcy court may simply look to the docket to determine whether a certification has been timely filed by the movant within 30 days of the notice of appeal becoming effective.[22] Rules 8003 and 8004 both require that the notice of appeal be filed within the time prescribed by Rule 8002, which is 14 days.[23] Rule 8003 governs appeals as of right under § 158(a)(1), (2) while Rule 8004 applies to appeals by leave pursuant to § 158(a)(3). Finally, a notice of appeal is typically effective under Rule 8002 when it is filed with the bankruptcy court.[24]

The Notice of Appeal and Notice of Cross Appeal in the instant case were both filed on July 10, 2025, 14 days after this Court issued its Amended Judgment.[25] The Motion was filed within 30 days, on July 18, 2025. Procedurally, the Court finds that the Motion was timely filed by Pearl.[26] Further, the Court finds that the notice of appeal and notice of cross-appeal were timely filed by the GLO and Pearl respectively.[27]

## VI.     Reasons Why the Direct Appeal Should be Permitted

Section 158(d) provides that an appeal may be certified directly to the court of appeals by the bankruptcy court, *inter alia*, when the issue on appeal "judgment, order, or decree…involves a matter of public importance…or…may materially advance the progress of the case or proceeding

---

[21] Fed. R. Bankr. P. 8006(a)(1)–(3).
[22] Fed. R. Bankr. P. 8006(b).
[23] *Compare* Fed. R. Bankr. P. 8003(a)(1) *and* Fed. R. Bankr. P. 8004(a)(1) *with* Fed. R. Bankr. P. 8002(a)(1).
[24] Fed. R. Bankr. P. 8002 advisory committee's note to 2014 amendment.
[25] ECF Nos. 402, 404, 399.
[26] *Compare* ECF Nos. 408, 413 *with* Fed. R. Bankr. P. 8006(b), (f).
[27] *Compare* ECF Nos. 402, 404 *with* Fed. R. Bankr. P. 8002(a)(3).

in which the appeal is taken."[28] Upon certification of the direct appeal by the bankruptcy court or district court, the appeal must still be authorized by the court of appeals.[29]

## A. Section 158(d)(2)(A)(i) – Matter of Public Importance

A matter of public importance addresses an issue that transcends the litigants and often deals with, for instance, the application of a constitutional provision to bankruptcy matters.[30] The instant appeal largely focuses on the application of sovereign immunity as to both suit and liability, as applied to the GLO in the instant case.[31]

This Court's June 27, 2025 Memorandum Opinion and Amended Judgment awards Pearl $40,178,678.40 from the GLO with prejudgment and post-judgment interest in the amount of 4.09% until paid in full.[32] Pearl asserts that the size and nature of the judgment demonstrate the type of "matter of public importance" contemplated by § 158(d)(2)(A)(i).[33]

The ramification of the growing judgment is the potential burden imposed on Texas taxpayers, as the GLO does not have an independent revenue stream to pay the significant judgment, a recovery of $40,178,678.40 million plus prejudgment and post-judgment interest in the amount of 4.09% until paid in full.[34] The increasing potential costs to the public, which hold a vested interest in how funds are raised, allocated, and spent, can be mitigated through direct appeal.[35] This is particularly true with both parties indicating an intent to appeal irrespective of how the District Court rules.

---

[28] 28 U.S.C. § 158(d)(2)(i)-(iii).
[29] *Id.*
[30] *In re MPF Holding U.S. LLC*, 444 B.R. 719, 726 (Bankr. S.D. Tex. 2011) (citing 1 COLLIER ON BANKRUPTCY P 5.06[5][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010); *In re Ruth*, 505 B.R. 804, 810 (Bankr. S.D. Tex. 2014) (citing *Jaffe v. Samsung Elecs. Co.* (*In re Qimonda AG*), 470 B.R. 374, 386 (E.D. Va. 2012).
[31] ECF No. 413 at 4.
[32] ECF No. 399 at 2-3.
[33] ECF No. 413 at 5-6.
[34] *Id.*
[35] *Id.* at 5.

Accordingly, the Court finds that the issue of sovereign immunity as to suit and liability as applied within the instant appeal, paired with the potential burden imposed on Texas taxpayers supports a finding that the Amended Judgment involves a matter of public importance.

## B. Section 158(d)(2)(A)(iii) – Whether an Immediate Appeal Will Materially Advance the Progress of the Case

Alternatively, Pearl requests direct certification because an immediate appeal will materially advance the progress of this case.[36] Specifically, both Pearl and the GLO agree that this case will be appealed to the Fifth Circuit regardless of the outcome in the District Court, and Pearl contends that the core issue, whether the GLO is entitled to sovereign immunity as to suit and liability under the circumstances of this case, are best suited for the Fifth Circuit.[37] Pearl further contends without direct certification, Pearl would need to exhaust two levels of appeals to attempt to seek collection from the Texas legislature, delaying Pearl's recovery until January 2029 at the earliest.[38] Such a delay would result in a potential significant cost to the public based on the size of the judgment.[39]

Accordingly, the Court finds an immediate appeal would materially advance the progress of the instant case as a resolution by the Fifth Circuit would settle the dispute expeditiously and with finality.

## VII.   Conclusion

The Court finds that the "First-Amended Motion for Certification of Direct Appeal to Court of Appeals" demonstrates two of the criteria for certification under § 158(d)(2)(A), because the

---

[36] *Id.* at 6.
[37] *Id.* at 6 (citing *United States Oil Recovery Site Potentially Responsible Parties Group v. Railroad Commission of Texas*, 898 F.3d 497 (5th Cir. 2018); *see also Carty v. State Office of Risk Management*, 733 F.3d 550 (5th Cir. 2013); *Miller v. Texas Tech University Health Sciences Center*, 403 F.3d 272 (5th Cir. 2005); *Pederson v. Louisiana State Univ.*, 213 F.3d 858 (5th Cir. 2000)).
[38] ECF No. 413 at 7-8.
[39] *Id.*

Amended Judgment, ECF No. 399, involves matters of public importance pursuant to 28 U.S.C. § 158(d)(2)(A)(i), and an immediate appeal would materially advance the progress of this case pursuant to 28 U.S.C. § 158(d)(2)(A)(iii). Accordingly, the Court certifies its Judgment and Amended Judgment, ECF Nos. 376 & 399, to the Court of Appeals for the Fifth Circuit under 28 U.S.C. § 158(d)(2)(A).

## VIII.   Copies of Judgments and Memorandum Opinions

Attached as Exhibit "A" is the Court's Memorandum Opinion dated February 28, 2025.

Attached as Exhibit "B" is the Court's Judgment dated February 28, 2025.

Attached as Exhibit "C" is the Court's Memorandum Opinion dated June 27, 2025.

Attached as Exhibit "D" is the Court's Amended Judgment dated June 27, 2025.

## IX.   Separate Certification

As required by Fed. R. Bankr. P. 8006(f)(5), a separate document contains this Court's certification. Service on the parties under Rule 8003(c)(1) will occur upon the entry of the certification and this Memorandum Opinion on the docket.

SIGNED July 22, 2025

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge